10209

LEE BROS. & GREER v. GLENN *ET AL.*

(99 S. E. 757.)

CONTRACTS — WELL-DRILLING CONTRACT — ACTION FOR COMPENSATION — PLEADING — EVIDENCE. — In action for services for drilling of well under a contract, defendants, under general denial and counterclaim for advances, cannot introduce evidence that plaintiffs had driven pine pole down well, in proof of defective performance; such evidence not being admissible under pleadings.

Before SEASE, J., Spartanburg, Summer term, 1918. Affirmed.

Action by Lee Brothers & Greer against W. S. Glenn and another.    Judgment for plaintiffs, and defendant appeal.

*Messrs. C. E. Daniel* and *Sanders & DePass,* for appellant, submit: *Under the general denial of the allegations of the complaint, the defendant may give in evidence anything*

*which contradicts or tends to contradict the plaintiff's proof,*
*or disprove the claim by him:* 8 S. C. 258; Pomeroy's Remedies and Remedial Rights, sec. 660.

*Mr. John Gary Evans,* for respondent, submits: *The testimony objected to was incompetent as tending to establish a distinct affirmative defense, and, therefore, inadmissible under a general denial:* 8 S. C. 258. *The object of a pleading is to advise the party of the issues he will have to admit and new matter which does not controvert the plaintiff's case cannot be proved under a general denial:* 20 S. C. 522.

June 23, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The appeal herein raises the question whether there was error on the part of his Honor, the Circuit Judge, in refusing to allow the defendants to introduce certain testimony. The complaint is as follows:

"For a first cause of action, the complaint of the plaintiffs respectfully shows to the Court:

"(Allegations of the partnership.)

"(2) That heretofore, on or about the 11th day of May, 1915, the plaintiffs and the defendants entered into a contract, whereby the plaintiffs were to drill a 6-inch well to the depth of 300 feet for the defendants and to receive from the defendants for their services the sum of $2 per foot.

"(3) That, in pursuance to the terms of this contract, the plaintiffs did drill the well for the defendants to the depth of 300 feet.

"(4) That, although plaintiffs have performed their contract, yet the defendants have paid to the plaintiffs only $150 and there is a balance of $450 due the plaintiffs by the defendants, for which balance repeated demands have been made and payment refused.

"For a second cause of action, the complaint of the plaintiffs respectfully shows to the Court:

"(Allegations of partnership.)

"(2) That at the time the plaintiffs finished their contract with the defendants, as set forth in the first cause of action in this complaint, the defendants requested the plaintiffs to go on with the work and drill the well deeper.

"(3) That, in pursuance to this request, the plaintiffs did drill the well an additional depth of 232 feet, making a total depth of 532 feet; yet the defendants have failed and refused to pay the plaintiffs anything whatsoever for the drilling of the additional depth of 232 feet, and that there is now due the plaintiffs by the defendants the sum of $464 for drilling the well of the defendants an additional depth of 232 feet, for which amount repeated demands have been made and payment refused."

The defendants denied all except the formal allegations of the complaint, and by way of counterclaim alleged that the plaintiffs were indebted to them in the sum of $175 for money loaned and advanced to them, and the sum of $500 expended by the defendants, in paying for labor and in furnishing coal to enable the plaintiffs to carry on their work in drilling the well.

The jury rendered a verdict in favor of the plaintiffs for $832, and the defendants appealed upon the following exceptions:

"(1) In refusing to permit the defendant, W. S. Glenn, to testify that the plaintiffs had driven a pine pole down in the well and in ruling and holding that such testimony was not competent; the error being, as it is respectfully submitted, that in so ruling and holding his Honor prevented the defendants from proving a fact which, if believed by the jury, would have defeated the plaintiffs' recovery, whether in whole or in part.

"(2) That his Honor, by refusing to permit the defendant, W. S. Glenn, to testify that the plaintiffs had driven a pine pole down in the well, prevented the defendants from proving a fact which was competent under the general denial of the answer, and which, if believed by the jury, would have defeated the plaintiffs' recovery, either in whole or in part."

Both the appellants' and the respondents' attorneys rely upon the case of *Lyles v. Bolles*, 8 S. C. 258, in which the Court quotes with approval the following language from Pomeroy's Code Remedies:

"Under a denial of the allegations of the complaint, the defendant may introduce any evidence which goes to controvert the fact which the plaintiff is bound to establish in order to sustain his action.   Under the general denial of the Code, evidence of a distinct affirmative defense is not admissible; the only evidence which the defendant is entitled to give is limited to a contradiction of the plaintiffs' proof, and to the disapproval of the case made by him."

There were no allegations in the pleadings to which the proposed testimony was responsive. It was, therefore, irrelevant, and was properly excluded.

Judgment affirmed.